IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| COLLEEN W. RORIE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:06CV00528 |
| GUILFORD COUNTY SCHOOLS, | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER AND JUDGMENT

TILLEY, District Judge

    This case arises out of an employment dispute between Plaintiff Colleen W. Rorie and Defendant Guilford County Schools ("Guilford County"). Ms. Rorie alleges that Guilford County subjected her to a hostile work environment and retaliated against her for complaining about harassment in violation of Title VII of the Civil Rights Act of 1964. The case is now before the Court on Guilford County's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 14.) For the reasons set forth below, Guilford County's Motion to Dismiss is converted to one for lack of subject matter jurisdiction under Rule 12(b)(1) and is GRANTED.

I.

The facts in the light most favorable to Ms. Rorie are as follows. Ms. Rorie began working for Guilford County as a bus driver on April 5, 2004. (Doc. # 11, Am. Compl. ¶ 7.) She later became a zone routing specialist effective December 6, 2004. (Id.) After Ms. Rorie assumed her new zone routing responsibilities, some members of the maintenance crew began making sexually inappropriate remarks to her. (Id. ¶ 8.) The remarks were made on numerous occasions, sometimes as often as two to three times in one week, and included sexually explicit comments about her appearance, questions about her personal life, and requests for sex. (Id.)

In an effort to avoid further harassment, Ms. Rorie altered her break schedule and confined herself to her office. (Id. ¶ 9.) Despite these efforts of avoidance, Ms. Rorie continued to experience harassment at unexpected times throughout the workday. (Id.) Ms. Rorie complained about the treatment she was receiving to Assistant Director Jeff Harris in late April 2005 and again on or about May 19, 2005. (Id. ¶ 10.) Even after Ms. Rorie lodged her complaints, maintenance workers continued to harass her. (Id. ¶ 11.)

Not only did Guilford County fail to take corrective action, it also retaliated against Ms. Rorie for making complaints by unfairly reprimanding her on several occasions. (Id. ¶ 11-12.) Transportation Director James Moen issued reprimands to Ms. Rorie on May 6, May 9, and May 31, 2005, which included limitations on

2

her ability to take leave and threats of dismissal if the conduct at issue continued. (Id. ¶ 12.) Other similarly situated employees, however, were not disciplined for conduct equal or comparable to the conduct that was at issue in the May 31 reprimand. (Id. ¶ 13.)

This action was commenced on June 12, 2006. On January 5, 2007, Ms. Rorie filed an Amended Complaint asserting hostile work environment and retaliation claims under Title VII. (Doc. # 11.) She seeks declaratory and injunctive relief, compensatory damages, punitive damages, and fees and expenses. Guilford County filed an Answer (Doc. # 13) and a Motion to Dismiss (Doc. # 14) on February 21, 2007. Guilford County attached a copy of Ms. Rorie's Charge of Discrimination to its brief in support of the Motion to Dismiss. (Doc. # 15, Ex. 3.) Ms. Rorie responded in opposition to the Motion to Dismiss and attached a copy of her EEOC Intake Questionnaire. (Doc. # 18, Ex. 1.) This matter is now ripe for consideration.

II.

Guilford County argues, inter alia, that the Amended Complaint should be dismissed based on Ms. Rorie's failure to allege exhaustion of administrative remedies. While this argument is made in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim, it is more appropriately addressed under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Title VII "specifies with precision the jurisdictional prerequisites that an individual must

3

satisfy before he is entitled to institute a lawsuit." Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 1019 (1974). These jurisdictional prerequisites include: (1) filing a Charge of Discrimination with the EEOC within 180 days of the occurrence of the alleged discrimination; (2) receiving a statutory Notice of Right to Sue; and (3) filing a lawsuit based on the Charge of Discrimination within 90 days of receiving the notice. 42 U.S.C. § 2000e-5(e), (f)(1).

The existence of subject matter jurisdiction is a threshold issue that a court must consider before the merits of an action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94, 118 S. Ct. 1003, 1012 (1998); Jones v. Am. Postal Workers Union, Nat'l, 192 F.3d 417, 422 (4th Cir.1999). Questions regarding subject matter jurisdiction may be raised at any time by any party, or raised sua sponte by the court. Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). The burden of establishing subject matter jurisdiction is on the party asserting its existence, and the court may consider evidence outside the pleadings without converting the proceeding into one for summary judgment. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

4

Ms. Rorie asserts in the Amended Complaint that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1343 (civil rights), 1331 (federal question) and 2201-02 (declaratory judgment).  However, the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint."  Davis v. N.C. Dept. of Corr., 48 F.3d 134, 140 (4th Cir. 1995); United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the [EEOC] together with the receipt of, and action on, a statutory notice of his right to sue.").  "Thus, where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'"  Davis, 48 F.3d at 140 (quoting United Black Firefighters, 604 F.2d at 847).

Ms. Rorie has not pled, in either the Complaint or the Amended Complaint, that she satisfied the jurisdictional prerequisites to filing suit under Title VII.  While the Charge of Discrimination and Intake Questionnaire were attached in subsequent filings, no information has been submitted concerning the statutory Notice of Right to Sue or whether Ms. Rorie timely filed the instant action within 90 days of receiving such notice.  Accordingly, this Court currently lacks subject matter jurisdiction over this case.

III.

For the reasons stated above, Guilford County's Rule 12(b)(6) Motion to Dismiss for failure to state a claim (Doc. # 14) is converted to a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and is GRANTED.

IT IS ORDERED THAT Ms. Rorie's Amended Complaint is hereby DISMISSED.

This the day of May 8, 2007

                                                /s/ N. Carlton Tilley, Jr.
                                                United States District Judge